IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEPHEN HORNER,                    §
TDCJ-CID #1134370,                 §
      Plaintiff,              §
                                   §
v.                                 §     CIVIL ACTION NO. H-06-0807
                                   §
WARDEN BRENDA CHANEY,              §
      Defendant.              §

## MEMORANDUM OPINION AND ORDER

Stephen Horner, a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), proceeding *pro se*, files this civil rights lawsuit under 42 U.S.C. § 1983 complaining of an improper prison drug test and a false disciplinary conviction. After reviewing the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be dismissed for the reasons that follow.

Plaintiff complains that on September 16, 2004, prison officials tested him for illegal drugs in a manner that failed to fully comply with TDCJ administrative procedures. He further claims that the test resulted in a false positive, for which he was punished in a disciplinary conviction with loss of good time credit and class status. Plaintiff seeks compensation for the false disciplinary conviction and violation of his civil rights, and requests an injunction to prevent future violations of his civil rights.

Plaintiff's assertion that he was wrongly convicted of the prison disciplinary charge in question, if credited, would necessarily imply that his conviction and sentence for the disciplinary case was invalid. This claim is not cognizable under section 1983 without a

prior showing of favorable termination, that is, that the result of the disciplinary action has been overturned on administrative appeal, through habeas, or by some other means. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because plaintiff does not allege that his disciplinary case was overturned, he cannot maintain a section 1983 action against defendant for damages or injunctive relief. Moreover, failure of prison officials to follow their own administrative procedures does not establish an independent constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Plaintiff's claims lack an arguable basis in law and are frivolous until the conditions of *Heck* and its progeny have been met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Accordingly, plaintiff's claims must be dismissed with prejudice until the requirements of *Heck* have been met.

This case is **DISMISSED WITH PREJUDICE** for failure to state a claim. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the ⟋⟋ day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE